David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Ste. 460
Phoenix, Arizona 85016
Telephone:  (602) 265-3332
Facsimile:   (602) 230-4482

Attorneys for the Plaintiffs
Aaron and Nicole Burns

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Burns and Nicole Burns<br><br>Plaintiffs,<br>v.<br><br>National Credit Works, Inc.<br><br>Defendant. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Aaron Burns and Nicole Burns, (Plaintiffs), through Plaintiffs' attorneys, bring this action to challenge the actions of National Credit Works, Inc. , ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

8. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

10. Plaintiffs are natural persons who reside in the City of Chandler, County of Maricopa, State of Arizona.

11. Defendant is located in the City of Tonawanda, the County of Erie, and the State of New York.

12. Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

14. At all times relevant to this matter, Plaintiffs were individuals residing within the State of Arizona.

15. At all times relevant, Defendant conducted business within the State of Arizona.

16. Sometime before July 2010, Plaintiffs are alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before July 2010, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs currently take no position as to the validity of this alleged debt.

19. Subsequently, but before July 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about July 2010, Defendant telephoned Plaintiffs and demanded payment of the alleged debt.

21. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

22. In early July 2010, Defendant's agent, "Ms. Stacey" would call Plaintiff daily and leave messages.

23. When leaving these messages, Defendant would fail to identify the company she was calling from. Through this conduct, Defendant placed a telephone call without meaningful disclosing of the caller's identity. Consequently, Defendant violated 15 U.S.C. § 1692d(6).

24. Defendant failed to disclose in these messages with the consumer that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

25. Defendant failed within <u>five days</u> after its initial communication with Plaintiffs, to provide written notification containing a statement that unless Plaintiffs, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiffs to provide a written notice containing a statement that if Plaintiffs notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiffs and a copy of such verification or judgment would be mailed to Plaintiffs by Defendant and that Defendant would provide Plaintiffs with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g.

26. On or about July 28, 2010, Defendant's agent Ms. Stacey called Plaintiff Nicole Burns' mother. Defendant's agent stated the call was regarding "a claim against Aaron." Defendant then provided a telephone number.

27. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to

effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiffs, Plaintiffs' attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b.  By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

28. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and failed to identify himself, or state that was is confirming or correcting location information concerning the consumer, or identified his employer without express request.  Consequently, Defendant violated 15 U.S.C. § 1692b(1).

29. Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and stated that the consumer owed a debt.  Consequently, Defendant violated 15 U.S.C. § 1692b(2).

30. That same day, Defendant's agent called Plaintiff Nicole Burns at her place of employment in an attempt to collect the alleged debt. During this conversation Defendant informed Plaintiff Nicole Burns that Defendant was also calling Plaintiff Aaron Burns at his place of employment.

31. During this conversation with Defendant, Plaintiffs advised Defendant that Plaintiffs' employers prohibited Plaintiffs from receiving such communications at Plaintiffs' place of employment in a manner consistent with 15 U.S.C. §1692c(a)(3), and also advised Defendant that calls at Plaintiffs' place of employment were inconvenient, as prescribed in 15 U.S.C. §1692c(a)(1).

32. Defendant's response to this was, "I'm afraid I can't do that as we haven't received our money, so I'm goin to call whomever I need to until he pays us."

33. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

34. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

35. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

36. Despite, Plaintiffs' request, the calls to Plaintiffs' place of employments continued. Because Defendant knew or had reason to know that the Plaintiffs' employer prohibits Plaintiffs from receiving such communications and that such calls were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

37. Throughout the month of August, Defendant continued to call Plaintiffs in an attempt to collect the debt.

38. Several times, Defendant left messages on Plaintiffs answering machine where Defendant failed to identify the company she was calling from. Through this conduct, Defendant placed a telephone call without meaningful disclosing of the caller's identity.  Consequently, Defendant violated 15 U.S.C. § 1692d(6).

39. Defendant failed to disclose in these messages with the consumer that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose, or failed to disclose in subsequent communications that the communication from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11).

40. Due to Defendant's actions, Plaintiffs' have suffered actual damages in the form of mental anguish including sleeplessness, restlessness, nervousness, embarrassment, humiliation, fear of answering the telephone, and fear of answering the door, all impacting their marriage and personal relationships.

## CAUSES OF ACTION

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

43. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

44. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

45. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

46. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**TRIAL BY JURY**

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: September 16, 2010			**Hyde & Swigart**

By: __/s/ David J. McGlothlin__
David J. McGlothlin
Attorney for the Plaintiff